UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                          Plaintiff,            No. 1:26-CR-02-001-JMB

vs.                                  Hon. Jane M. Beckering

ROBERT ALAN MARK,

                          Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

I.      <u>Introduction</u>

The defendant, Robert Alan Mark, has pled guilty pursuant to an agreement to Count 1 of the indictment, which alleges sexual exploitation of a minor, punishable by 15 to 30 years' imprisonment.  18 U.S.C. §§ 2251(a); PLEA AGREEMENT, ECF No. 25, PageID.66.[1]  Sentencing is scheduled for July 28, 2026, and the defense submits this memorandum in support of its position.

II.     <u>Presentence Investigation Report</u>

For 18 U.S.C. § 2251(a), the applicable guideline is U.S.S.G. § 2G2.1, and the presentence investigation report (PIR) calculates the advisory sentencing guidelines as follows:

---

[1]The defendant acknowledges that the offense is also punishable by a fine of up to $250,000, 18 U.S.C. §§ 3559(b)(2), 3571(b)(3), a supervised release term of five years to life, 18 U.S.C. § 3583(k), a special assessment of $100 to $50,000, 18 U.S.C. §§ 3013, 2259A(a)(3), together with mandatory restitution, 18 U.S.C. § 3663A.  *See* PIR ¶¶ 94, 99-101, at 22-24.

|  | *Guideline* | *Points* |
|---|---|---|

**§ 2G2.1.  Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material**

(a)   Base Offense Level: **32**                                                                                          32

(b)   Specific Offense Characteristics

(1)   If the offense involved a minor who had . . .(B) attained the age of twelve years but not attained the age of sixteen years, increase by **2** levels.            2

\* \* \*

(5)   If the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant, increase by **2** levels.            2

**Adjusted Offense Level**                                                                                          **36**

**§ 4B1.5   Repeat and Dangerous Sex Offender Against Minors**

\* \* \*

(b)   In any case in which the defendant's instant offense of conviction is a covered sex  crime, neither §4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct:

(1)   The offense level shall be **5** plus the offense level determined under Chapters Two and Three. . . ..            **5**

(2)   The criminal history category shall be the criminal history category determined    under Chapter Four, Part A.

**Adjusted Offense Level**                                                                                          **41**

**§ 3E1.1  Acceptance of Responsibility**

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by **2** levels.            **-2**

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by **1** additional level.[2]            **-1**

\* \* \*

**Total Offense Level**                                                                                          **38**

---

[2]The PIR includes these points reducing the offense level, PIR ¶¶ 46-47, at 12.  Under the terms of the plea agreement, the government agreed not to oppose the request for this reduction.  PLEA AGREEMENT ¶ 11, at 6; ECF No. 25, PageID.71.

PIR ¶¶ 37-48, at 11-12.  The PIR further calculates Mr. Mark's criminal history score to be 0, placing him in Criminal History Category I.  PIR ¶¶ 50-54, at 12.  Based upon Total Offense Level 38 and Criminal History Category I, the advisory guidelines range is 235 to 293 months' imprisonment.  PIR ¶ 91, at 21.

The defense accepts these calculations and has no objection to them.

III.    Supplement Information

Attached as a collective exhibit are letters of support for Mr. Mark, including one from him.  EXHIBIT A.  As the Court will see, Mr. Mark is genuinely remorseful for his offense behavior and recognizes the gravity of the harm he inflicted on the victims and those around them.

He is a caring and compassionate person who is "gentle-natured" committed to friends and family alike, especially his children, who has had a positive impact on many of those around him.  He was committed to Scouting and all that it had to offer young people, and he did his best to introduce the experience to others.  He did his best to provide for his family, and he was well-regarded at work as a capable and talented employee.  All the letters confirm that Mr. Mark, given his remorse and character, is worthy of this Court's consideration for some leniency.

Accompanying this memorandum, the defense submits a psychological evaluation performed by Berghuis Psychological Services PC.  Needless to say, the evaluation includes a lot of personal and intimate information about Mr. Mark's life, together with data from several studies that were administered, including the Minnesota Multiphasic Personality Inventory, Second Edition (MMPI-2), the Millon

Clinical Multiaxial Inventory, Third Edition (MCMI-III), the Incomplete Sentences Bank (ISB), the Static-99R, the Stable-2007, the LOOK assessment, and the Ritvo Autism and Asperger Diagnostic Scale (RAADS-14).

The evaluation provides a lot of information and insight into Mr. Mark and his life experiences, the details of which are best left to the Court's own analysis. Important, however, are a few observations.  First, Mr. Mark voluntarily underwent the evaluation and fully cooperated with it, expressing his remorse for his offense behavior and seeking understanding.  Second, his recidivism rate, particularly given his age, is low at 2.2% after a five-year follow-up.  Third, what dynamic risk factors do exist appear to be subject to being modified or mitigated by treatment, to which he is clearly open.  Finally, the evaluator noted the many personal strengths in his life, including a supportive family, hard work ethic, empathy for others, positive attitudes toward authority, and the capacity for new life goals.

IV.    Discussion and Motion for Downward Variance

As the Court well knows, it is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing.  18 U.S.C. § 3553(a).  In determining the appropriate sentence, the Court is to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553 (a)(1)-(2).  The Court is also instructed to consider:

(3) the kinds of sentences available;
(4) the kinds of sentences and the sentencing guidelines range for the offense;
(5) any pertinent policy statement regarding the sentencing guidelines;
(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and,
(7) the need to provide restitution to any victims.

18 U.S.C. § 3553(a)(3)-(7).

There is no rule that requires "extraordinary" circumstances to justify a sentence outside guidelines range, because appellate courts are to review under an abuse-of-discretion standard, regardless of whether sentence is inside or outside guidelines range.  *United States v. Gall*, 552 U.S. 38 (2007).  There also is no requirement that, after concluding that a variance is warranted, a court must specify a new, adjusted sentencing range, and there is no requirement that it distinguish adjustments on the basis of whether they are departures or variances.  *United States v. Herrera-Zuniga*, 571 F.3d 568, 587 (6th Cir. 2009).  It is solely the Court's function to assess, weigh and resolve these factors.

There is ample support to vary downward here—to the mandatory minimum sentence of 15 years' imprisonment.

First, as unacceptable as Mr. Mark's offense behavior was, it did not go any further than the surreptitious recordings.  He did not assault or otherwise attempt to engage with any of the victims sexually. He did not distribute, or attempt to

5

distribute, the images that were captured.  He did not show the images to anyone. He did not profit financially from his misconduct.  He did not use the images in any way against any of the victims.  He simply retained them.

Second, when arrested, Mr. Mark cooperated fully, providing a written statement, together with a written apology.

Third, through his plea agreement, he pled guilty to the most serious offense available subjecting himself to a mandatory minimum term of 15 years' imprisonment.

Fourth, Mr. Mark is 59½ years old.  Although there are many ways to measure life expectancy, according to Social Security Administration data, a 60-year old male now has a life expectancy of 21.79 years.  *Actuarial Life Table*, Social Security Administration.  *See https://www.ssa.gov/oact/STATS/table4c6.html.*  So, the minimum advisory guideline term here—235 months—is just about a life sentence.

Fifth, Mr. Mark is not without redeeming qualities as amply described in the letters of support, especially when he comes to his children.  One who has led an otherwise good life should see some benefit at a moment like this, that is, when a life sentence is on the line.

Finally, 15 years imprisonment is simply not an insignificant sentence.  It more than satisfies the goals of punishment and deterrence, both specific and general, and does nothing to depreciate the seriousness of Mr. Mark's offense behavior.  As the Berghuis evaluation demonstrates, Mr. Mark will pose a low risk of recidivism, especially in his 70's, and he is more than amenable to treatment and programming.

V.     <u>Conclusion</u>

For the above reasons, the defense respectfully requests that the Court vary downward from Total Offense Level 38, with an advisory guidelines range of 235 to 293 months, to the mandatory minimum term of 15 years' imprisonment or 180 months.


Dated: July 14, 2026

Respectfully Submitted,

WILLEY & CHAMBERLAIN LLP
Attorneys for Defendant Mark


*/s  Charles E. Chamberlain, Jr.*

_____
Charles E. Chamberlain, Jr. (P33536)

300 Ottawa Avenue, N.W., Suite 810
Grand Rapids, Michigan 49503-2314
(616) 458-2212
cec@willeychamberlain.com

7